UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:23-cv-00278 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| FRONTIER AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

Plaintiff Cedric Greene, a California resident, filed a Complaint for negligence against Frontier Airlines, Inc., arising out of a baggage-handling incident. (Doc. No. 1.) Plaintiff, who has minimal income and commensurate basic expenses, also filed an in forma pauperis application that demonstrates he is unable to pay the full civil filing fee in advance without "undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The application (Doc. No. 2) is therefore **GRANTED**. 28 U.S.C. § 1915(a).

However, as a threshold matter, it is not clearly apparent that the Court has subject-matter jurisdiction to hear this case. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). There are two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). A plaintiff invokes diversity-of-citizenship jurisdiction when he presents a

claim between parties who are citizens of different states and the value of that claim exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff bears the burden of establishing jurisdiction, *Kokkonen*, 511 U.S. at 377, and the Court must dismiss this case without prejudice if he fails to do so. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (directing courts to "assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources").

Here, the Complaint does not yet establish either form of federal subject-matter jurisdiction. First, the Complaint asserts a quintessential state law negligence claim that does not reference or "arise under" any federal law or provision of the U.S. Constitution. 28 U.S.C. § 1331. Second, Plaintiff does not adequately allege Defendant's citizenship or satisfy the jurisdictional amount. *Id*. § 1332(a). More specifically, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" *Tenn. Ins. Guar. Ass'n v. Penguin Random House*, LLC, 271 F. Supp. 3d 959, 961 (M.D. Tenn. 2017) (quoting 28 U.S.C. § 1332(c)(1)). Because Plaintiff only states that Defendant is "based in Colorado," he has not adequately alleged Defendant's citizenship. (Doc. No. 1 at 2.) In addition, the general rule in determining the jurisdictional amount is that the Complaint itself controls "unless it appears or is in some way shown that the amount stated . . . is not claimed in good faith." *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961); *see also Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439-40 (6th Cir. 2011) ("Federal courts consider the amount of damages specified in the complaint and dismiss where it appears legally certain that a plaintiff cannot claim the jurisdictional amount in good faith.") (citing *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996)). Here, the Complaint seeks

damages at law of exactly $10,000 for the mishandling of Plaintiff's luggage—well below the $75,000 jurisdictional amount. (Doc. No. 1 at 6.)

The Court will allow Plaintiff an opportunity to address these concerns. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, if he can, why the Court has federal subject-matter jurisdiction over the Complaint. The way for him to show cause, if he can, is by submitting an Amended Complaint that, in a short and plain manner: (1) sets forth Plaintiff's claim against Defendant and provides factual allegations sufficient to show that Plaintiff is plausibly entitled to relief; and (2) either (a) states a federal basis for Plaintiff's claim or (b) adequately alleges each party's citizenship and satisfies the jurisdictional amount. The Court must receive the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket. Failure to submit an Amended Complaint or request an extension of time by the deadline may result in dismissal of the Complaint for lack of subject-matter jurisdiction or want of prosecution. Fed. R. Civ. P. 41(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE